Filed 7/10/23  P. v. Tran CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061695 |
| v. | (Super. Ct. No. 07WF2294) |
| HUY TRONG TRAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Huy Trong Tran filed a petition for resentencing pursuant to former Penal Code section 1170.95.[1]  At the prima facie hearing on the petition, the trial court found Tran ineligible for relief as a matter of law and denied the petition.  Appointed appellate counsel for Tran filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case.  Acknowledging *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appellate counsel has asked this court to review the record "unfettered by [appellate] counsel's prior thought processes."

While this appeal was pending, the California Supreme Court decided *People v. Delgadillo* (2022) 14 Cal.5th 216, 226 (*Delgadillo*) and concluded "the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief."  However, the court in *Delgadillo* set forth "a few basic procedures" Courts of Appeal should follow when considering an appeal from the denial of a section 1172.6 petition where appointed counsel has found no arguable issues to be pursued. (*Delgadillo*, *supra*, at pp. 231-232.)  In such instances, the defendant must be given proper notice and provided an opportunity to file a supplemental letter or brief, which Tran did.  Under *Delgadillo*, the Court of Appeal may also conduct its own independent review of the record in an exercise of its discretion.  (*Ibid*.)

Exercising our discretion, we have examined the entire record as well as Tran's supplemental brief and find no reasonably arguable issue. (*Delgadillo, supra,* 14 Cal.5th at p. 232.)  We therefore affirm.

---

[1]     Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the statute as former section 1170.95 or section 1172.6.  All further statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, a jury found Tran guilty of two counts of premeditated and deliberate attempted murder (§§ 664, subd. (a), 187, subd. (a)), shooting at an occupied motor vehicle (§ 246), two counts of assault with a semiautomatic firearm (§ 245, subd. (b)), misdemeanor domestic violence (§ 243, subd. (e)(1)), and possession of a firearm by a felon (§ 12021, subd. (a)(1)). The jury also found Tran had discharged a firearm (§ 12022.53, subd. (c)) in connection with the attempted murder counts and personally used a firearm (§ 12022.5, subd. (a)) in connection with those as well as the assault with a firearm counts. The trial court imposed a total sentence of 20 years to life. On direct appeal to this court, the judgment was affirmed with orders to correct the abstract of judgment. (*People v. Tran* (Aug. 23, 2010, G042579) [nonpub. opn.].)

In April 2022, Tran filed a petition for resentencing pursuant to former section 1170.95. Counsel was subsequently appointed at his request. The People filed a response to Tran's petition, arguing it should be denied, and Tran's counsel filed a brief in support of the petition. The trial court conducted a prima facie hearing on the petition and after considering the People's response, Tran's counsel's brief in support of the petition, and the record of conviction, the trial court found Tran had failed to establish a prima facie showing for relief. A statement of decision was then issued by the trial court. Tran appealed.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) amended the felony murder rule and the natural and probable consequences doctrine as it relates to murder '"to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate

3

Bill No. 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957.) A subsequent amendment to former section 1170.95 extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine or manslaughter. (Sen. Bill No. 775 (2021-2022 Reg. Sess.) § 1; Stats. 2021, ch. 551.)

After receipt of a section 1172.6 resentencing petition, counsel shall be appointed upon petitioner's request, the prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (§ 1172.6, subds. (b)(1)-(3) & (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Id.,* subd. (c).)

At the prima facie hearing, the trial court may rely on the record of conviction. (*Lewis, supra*, 11 Cal.5th at pp. 970-971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) Instructions given to the jury at a petitioner's trial may be relied on by the trial court as part of the record of conviction at the prima facie hearing. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) "It is only where the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing. [Citation.]" (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.)

Citing to three cases, *People v. Montes* (2021) 71 Cal.App.5th 1001 (*Montes*), *People v. Ramirez* (2021) 71 Cal.App.5th 970 (*Ramirez*), and *People v. Rodriguez* (2020) 58 Cal.App.5th 227,[2] Tran argues the trial court should have issued an order to show cause because his "intent to kill was imputed" and the trial court engaged in inappropriate factfinding at the prima facie hearing on his petition.

_____

[2] *People v. Rodriguez* is no longer citeable authority as it has been depublished by order of the California Supreme Court. (*People v. Rodriguez* (Dec. 22, 2021, S266652.)

However, *Montes* and *Ramirez* are factually distinguishable from the present case. In *Montes*, a jury convicted the defendant of mayhem and two counts of attempted murder, and found true other allegations for which the defendant filed a petition for resentencing pursuant to § 1172.6. (*Montes*, *supra*, 71 Cal.App.5th at pp. 1003-1004.) At the prima facie hearing, the trial court denied the defendant's petition. (*Id.* at p. 1004.) However, after reviewing the record of conviction, the Court of Appeal reversed the trial court's denial because the record did not refute the defendant's claims of eligibility. (*Id.* at p. 1007.) Because the "jury was instructed on the natural and probable consequences doctrine for attempted murder" this was enough to establish a prima facie showing of eligibility under § 1172.6. (*Montes*, at p. 1007.)

In *Ramirez*, the defendant was convicted of "first degree murder under a theory of felony murder based on his participation in an attempted carjacking." (*Ramirez*, *supra*, 71 Cal.App.5th at p. 975.) The defendant in *Ramirez* filed a petition for resentencing pursuant to § 1172.6. (*Ramirez*, at p. 982.) After the prima facie hearing, the trial court issued an order to show cause and an evidentiary hearing was held. (*Id.* at pp. 982-983.) At the evidentiary hearing, no additional evidence was presented as the parties stipulated to the trial court reviewing the record of conviction, including the "transcripts, and the appellate opinion." (*Id.* at p. 983.) After the evidentiary hearing, the trial court denied resentencing relief. (*Ibid.*) The Court of Appeal reversed concluding the evidence was insufficient to support a finding the defendant acted with "reckless indifference to human life" by participating in a carjacking in which his codefendant fatally wounded the victim. (*Id.* at p. 993.)

Here, the trial court "[w]ithout considering the factual summary in the appellate opinion or reweighing the facts of the case," reviewed the record of conviction, particularly noting the jury instructions and verdict forms. Unlike the defendants in *Montes* and *Ramirez*, Tran was not convicted under a theory of felony murder, natural and probable consequences, or aiding and abetting. As noted by the trial court, "[the]

5

jury was not instructed on the law defining aiding and abetting principles nor on any theory of liability requiring that malice be imputed to [Tran] based solely on his participation in the offenses." The trial court also stated: "The jury instructions given make clear that the jury was only instructed on the law defining attempted murder, deliberation and premeditation, and the related firearm enhancement based on [Tran's] role as the direct perpetrator of the offenses." Since the record of conviction established Tran was the "direct perpetrator who acted with the intent to kill" and he was not convicted under a vicarious liability theory, relief was properly denied by the trial court.

After an independent review of the entire appellate record and Tran's written contentions, we find no arguable issues. We therefore affirm the trial court's order denying Tran postjudgment relief.


DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.


MOTOIKE, J.

WE CONCUR:


O'LEARY, P.J.


DELANEY, J.


6